| | |
|---|---|
| WACHOVIA BANK, N.A., f/k/a FIRST UNION NATIONAL BANK,  AS TRUSTEE OF THE HEILIG-MEYERS MASTER TRUST,<br><br>        Plaintiff,<br><br>    vs.<br><br>DEPOSITORY TRUST & CLEARING CORPORATION and CEDE & CO., as its nominee; BANC OF AMERICA SECURITIES LLC; DEUTSCHE BANK SECURITIES, INC; BROWN BROTHERS HARRIMAN & CO.; PERSHING, LLC;  MELLON TRUST OF NEW ENGLAND NA; GOLDMAN SACHS & CO.; BEAR STEARNS SECURITIES CORP.; THE BANK OF NEW YORK COMPANY, INC.; MILLENNIUM PARTNERS, L.P.; JP MORGAN CHASE & CO.; GREENWICH CAPITAL MARKETS, INC.; THE NORTHERN TRUST COMPANY OF DELAWARE; BANK OF MONTREAL; BAYERISCHE HYPO-UND VERINSBANK AKTIENGE SELLSCHAFT, AG,<br><br>        Defendants/Claimants. | **COMPLAINT** |

Wachovia Bank, N.A ("Wachovia"), f/k/a First Union National Bank, as Trustee of the Heilig-Meyers Master Trust (the "Trustee"), through counsel, hereby presents this Complaint in Statutory Interpleader and alleges as follows:

## PARTIES

1.      Wachovia is a federally chartered commercial banking association that has its principal place of business in Charlotte, North Carolina.  Effective April 1, 2002, First Union

National Bank, the surviving entity after a merger with the former Wachovia Bank, N.A., changed its name to Wachovia Bank, N.A.

2.     Upon information and belief, Defendant Depository Trust & Clearing Corporation (and Cede & Co., as its nominee) is a central securities certificate depository organized under the laws of the State of New York and has its principal place of business in New York.  Its official address for service of process is Richard B. Nesson, 55 Water Street, 49th Floor, New York, New York 10041.

3.     Upon information and belief, Defendant Banc of America Securities LLC ("BOA"), is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and has its principal place of business in Charlotte, North Carolina.  BOA's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.     Upon information and belief, Defendant Deutsche Bank Securities, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York.  Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.     Upon information and belief, Defendant Brown Brothers Harriman & Co., is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business located in New York.  Its official address for service of process is Brown Brothers Harriman & Co., 140 Broadway, New York, New York 10005-1101.

6.     Upon information and belief, Defendant Pershing LLC, is a limited liability company organized and existing under the laws of Delaware, with its principal place of business

2

located in New Jersey. Its registered agent for service of process is The Bank of New York (Delaware), 502 White Clay Center, Route 273, Newark, Delaware 19711.

7. Upon information and belief, Defendant Mellon Trust of New England, NA is a savings bank organized and existing under the laws of Massachusetts with its principal place of business located in Massachusetts. Its officer for service of process is James P. Palermo, President, One Boston Place, Boston, Massachusetts 02108-4402.

8. Upon information and belief, Defendant Goldman, Sachs & Co. is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business located in New York. Its official address for service of process is Goldman, Sachs & Co., Attn: General Counsel, 85 Broad Street, New York, NY 10004.

9. Upon information and belief, Defendant Bear, Stearns Securities Corp. is a corporation organized and existing under the laws of Delaware with its principal place of business located in New York. Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Upon information and belief, Defendant The Bank of New York Company, Inc. is a corporation organized and existing under the laws of New York with its principal place of business located in New York. Its official address for service of process is The Bank of New York Company, Inc., Attn: Legal Dept, Head of Litigation, One Wall Street, New York, New York 10286.

11. Upon information and belief, Defendant Millennium Partners, L.P. is an exempted limited partnership organized and existing under the laws of the Cayman Islands with its principal place of business located in New York. It may be served through its Vice-Chairman, Terry Feeny, at 666 Fifth Avenue, New York, New York 10019.

3

12.     Upon information and belief, Defendant JPMorgan Chase & Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business located in California.   Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

13.     Upon information and belief, Defendant Greenwich Capital Markets, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business located in Connecticut.   Its registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

14.     Upon information and belief, Defendant The Northern Trust Company of Delaware is a corporation organized and existing under the laws of Delaware with its principal place of business located in Delaware.  Its registered agent for service of process is The Northern Trust Company of Delaware, 1201 North Market Street, Wilmington, Delaware 19801.

15.     Upon information and belief, Defendant The Bank of Montreal is a Canadian chartered bank organized and existing under the laws of Canada, with its principal place of business located in Montreal, Quebec, Canada.  Its registered agent for service of process is Bank of Montreal, Chicago Branch, 115 South LaSalle Street, 19th Floor, Chicago, Illinois 60603.

16.     Upon information and belief, Defendant Bayerische Hypo-und Vereinsbank Aktiengesellschaft, AG (New York Branch), is organized and existing under the laws of the Republic of Germany with its principal office in New York.  Its may be served by its Managing Director, Curt Schade, at 150 East 42nd Street, New York, NY 10017-4679.

4

## JURISDICTION

17.     This Court has jurisdiction over this matter and over these parties pursuant to 28 U.S.C. § 1335.  The claimants to the stake at issue herein are of diverse citizenship, and the amount in controversy is in excess of $500.00.

18.     The events giving rise to this Complaint arose in this District, the property in question is located in this District, and at least one of the claimants to the property, BOA, resides and has its principal place of business in this District.  Venue is proper in this District pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391.

## SALE OF HEILIG-MEYERS MASTER TRUST PORTFOLIO

19.     Wachovia serves as Trustee of the Heilig-Meyers Master Trust ("Trust") under an Amended and Restated Master Pooling and Servicing Agreement dated as of February 23, 1998 ("MPSA"). The MSPA was supplemented by several supplemental agreements entered into during 1997 and 1998 ("Supplements").

20.     At its inception the primary assets of the Trust consisted of consumer installment contracts entered into by customers who had purchased furniture from the Heilig-Meyers Furniture Company.  These consumer installment contracts were bundled by the Heilig-Meyers Company ("Heilig-Meyers"), placed into the Trust by a subsidiary, and pursuant to the MPSA and the Supplements, various classes of certificates were issued to certain institutional investors ("Certificates"), secured by these contracts.

21.     Under the MPSA, Heilig-Meyers acted as Servicer and was responsible for ensuring timely collections on the consumer installment contracts.  The installment contracts, and the monies collected thereon, were conveyed to the Trust for the benefit of the holders of the Certificates.

5

22. Wachovia and, upon information and belief, Defendants, are the current registered owners of Certificates. Under section 6.5 of the MPSA, the person in whose name any Certificate is registered is the owner of such Certificate for all purposes, including litigation.

23. On August 16, 2000, various Heilig-Meyers entities filed a bankruptcy petition and sought to reject Heilig-Meyers' servicing obligations under the MPSA. At that time, there were almost one million consumer installment contracts in the Trust with a total face value of almost $1 billion.

24. A successor servicer to Heilig-Meyers has collected hundreds of millions of dollars in connection with the consumer installment contracts located in the Trust. However, collections have declined to the point where Trust expenses have begun to exceed Trust income. After notifying the holders of Certificates and consulting with a financial advisor with experience in the debt-sales market, the Trust portfolio was sold, resulting in a recovery of several million dollars that currently resides in the Trust, along with certain other assets.

## DEFENDANTS' DISAGREEMENT REGARDING ENTITLEMENT TO FUNDS

25. The Trust now is in the process of winding down. Wachovia filed this interpleader action because the current holders of the Certificates cannot reach agreement regarding how the remaining assets in the Trust ("the Assets") should be distributed among them, giving rise to the risk of multiple liability on the part of Wachovia.

26. The Assets at issue total approximately $13.5 million in cash and an allowed unsecured claim in the Heilig-Meyers bankruptcy proceeding for damages incurred as a result of Heilig-Meyers decision to reject its servicing obligations. This claim has been liquidated in the Heilig-Meyers bankruptcy proceeding, though final distribution is not expected until 2007. Wachovia is prepared to deposit these Assets into the registry of the Court.

#825115_2.DOC

27.     The holders of the Certificates do not have equal rights to the Assets in the Trust. There are several Series of Certificates.  For each Series of Certificates there are several tranches or classes, and each tranche or class has different rights to the Assets in the Trust.

28.     From time to time the various holders of Certificates have made conflicting claims to the Trust assets.

29.     By virtue of the foregoing, an actual controversy exists between regarding the parties' respective rights to the Assets.

## COUNT I
### (Federal Statutory Interpleader)

30.     Wachovia re-alleges and incorporates herein, as if fully set forth, the preceding paragraphs of this Complaint.

31.     This Count is brought pursuant to 28 U.S.C. § 1335 as a bill in the nature of interpleader.

32.     Wachovia and Defendants have made or may make conflicting claims to the Assets.

33.     The conflicting claims to the Assets expose Wachovia to the risk of double or multiple liability.

34.     Wachovia is in doubt and cannot determine as among the various claimants, without great hazard to itself, to whom it may distribute the Assets.  Wachovia hereby offers to deposit the Assets into the registry of the Court, in order that the various parties may interplead and thereby settle and adjust their various claims among themselves.

WHEREFORE, Wachovia prays that:

7

1.      That Defendants may be decreed to interplead together, and that it may be ascertained in such manner as this Court shall direct to which of them and Wachovia the Assets ought to be paid;

2.      That Wachovia may have leave to deposit the Assets into Court, which Wachovia offers to do, for the benefit of such of the parties as shall be found or decreed to be entitled thereto;

3.      That Defendants be restrained from commencing or prosecuting any action against Wachovia arising out of or relating to the Assets in the Trust;

4.      That the Court issue a declaration of the respective rights and obligations (if any) of Wachovia and Defendants relating to the Assets; and

5.      That Wachovia obtain whatever other relief the Court may deem appropriate, including Wachovia's fees and costs herein.

This the 10th day of August, 2006.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.


By: /s/ Carl N. Patterson, Jr.
    Carl N. Patterson, Jr.
    N.C. State Bar No. 7260
    Donald H. Tucker, Jr.
    N.C. State Bar No. 12578
    Jackson W. Moore, Jr.
    N.C. State Bar No. 29912
    P.O. Box 2611
    Raleigh, North Carolina 27602
    (919) 821-1220

    ATTORNEYS FOR WACHOVIA, N.A.